[No. 6318.]

## HAKANSEN v. HAKANSEN.

**Resulting Trusts—Fraud—**Lands purchased with the funds of the wife were conveyed to herself and husband, she being induced to consent thereto, by the husband's false representation that this was necessary under the laws of Colorado. She afterwards conveyed her interest therein to him, upon his promise to sell the lands, and follow her to New York, where their relations should be resumed. He refused to either sell the lands or go to New York, and denied the marriage. He was decreed to convey to the wife.—(191)

*Appeal from Denver District Court*—Hon. HUBERT L. SHATTUCK, Judge.

Messrs. McGINTIE & ANDREWS, for appellant.

Mr. LUCIUS W. HOYT, and Mr. GEORGE P. WINTERS, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The case was tried to the court, and from a judgment in favor of the plaintiff, the defendant appeals.

The court found that the parties were married in the city of New York, July 1, 1905, and that they now are husband and wife; that shortly after the marriage, the parties came to Colorado for the benefit of the health of the defendant, and purchased the property mentioned in the complaint, with the plaintiff's money, and that the title thereto was taken in the name of plaintiff and defendant, the plaintiff consenting thereto, upon defendant's representation that it must be so taken to comply with the laws of this state; that the plaintiff conveyed the interest standing in her name to the defendant without consideration, upon the agreement that she should at once go to the city of New York, for the purpose of caring for her daughter, who was sick, and that he would sell it as soon as possible, and follow her to New York, where they should again live together as husband and wife; that after the conveyance the defendant refused and failed to sell the property and go to New York, and denied that he was married to the plaintiff, or that she was his lawful wife; that the property was purchased with the money of the plaintiff and that it is, and has been at all times, the sole property of the plaintiff. The court ordered that the defendant reconvey the property to the plaintiff and that he pay the costs.

The evidence is conflicting, and the finding of the court cannot be disturbed. Some of the testimony is in the form of depositions. We have read the depositions, and they support the findings.

The judgment is affirmed.        *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE WHITE concur.